UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
INGRID PLUMMER FRANCIS,

                          Plaintiffs,

          -against-

UNITED STATES OF AMERICA,

                          Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**18-CV-4965 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Ingrid Plummer Francis brings this action against Defendant United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§ 1346(b)(1) and 2671, et seq. (Compl. (Dkt. 1) ¶ 2.) Plaintiff alleges that, due to Defendant's employee's carelessness, recklessness, and negligence, the employee crashed her truck into Plaintiff's car causing severe and permanent injuries. (Id. ¶ 3.)

Before the court is Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (See Def. Mot. to Dismiss ("Mot.") (Dkt. 13).) For the following reasons, Defendant's motion is GRANTED.

I.     **BACKGROUND**

    A.     **Factual Allegations**

On June 28, 2016, at approximately 5:00 P.M., while stopped at the intersection of 164th Street and Highland Avenue in Queens, New York, United States Postal Service ("USPS") employee Shantel S. Cox, while on duty, allegedly crashed her USPS truck into the back of Plaintiff's vehicle. (Compl. ¶¶ 9-12.) As a result of the accident, Plaintiff allegedly suffered a right-shoulder rotator-cuff tear (requiring arthroscopic surgery), a partial tear of the right bicep,

1

herniated and bulging discs in her cervical spine, great mental pain, and loss of enjoyment of life. (Id. ¶ 15.) Further, Plaintiff "was disable[d] from her employment from June 29, 2016 to February 14, 2017." (Id.)

Two months after the accident, on or about September 7, 2016, USPS received an administrative claim from Plaintiff on a Standard Form 95 ("SF-95"). (Aff. of M. Kevin Coffey ("Coffey Aff.") (Dkt. 13-2) ¶ 2.) On the SF-95, Plaintiff alleged property damage as a result of the accident and handwrote "NONE" in the form's "Personal Injury/Wrongful Death" section, which instructed her to "state nature and extent of each injury . . . which forms the basis of the claim." (Sept. 7, 2016 SF-95 (Dkt. 13-3) at 2; see Def. Mem. in Supp. of Mot. ("Mem.") (Dkt. 13-1) at 1.) Plaintiff further indicated that she was claiming $4,411.61 in property damage and no damages for personal injuries. (Sept. 7, 2016 SF-95 at 2; see Mem. at 2.) The SF-95 informed her that a "failure to specify [damages] may cause forfeiture of [her] rights." (Sept. 7, 2016 SF-95 at 2.)

On or about September 16, 2016, USPS sent Plaintiff a letter with an accompanying check for $3,662.56. (Sept. 16, 2016 Letter (Dkt. 13-3) at 2.) The letter stated:

> Enclosed please find a check . . . . made payable to you in full and final settlement of the claim filed. Acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States . . . by reason of the same subject matter.

(Id.) Defendant claims (Mem. at 2), and Plaintiff does not dispute (see Pl. Mem. in Opp'n to Mot. ("Opp'n") (Dkt. 13-7) at ECF p.4), that Plaintiff cashed the check on or about September 27, 2016. (Id.)

On October 16, 2017, USPS received a second SF-95 from Plaintiff regarding the accident, in which Plaintiff alleged $450,000 in personal-injury damages. (Oct. 16, 2017 SF-95 at 2 (Dkt. 13-5) at 2.) On March 26, 2018, USPS sent Plaintiff's counsel a letter, stating that it

2

could not consider Plaintiff's new claim because "under the law, cashing of a settlement check constitutes a full release of any and all claims arising from the same incident and bars consideration of any further claims." (Mar. 26, 2018 USPS Letter (Dkt. 13-6).)

### B. Procedural History

On August 31, 2018, Plaintiff filed this suit, bringing a negligence claim and requesting $450,000 in personal-injury damage. (Compl. ¶ 17.) Defendant now moves to dismiss the complaint in its entirety. (Mot.) Defendant maintains that: (1) the FTCA provides for a limited waiver of sovereign immunity; (2) the court lacks subject-matter jurisdiction over FTCA suits arising from claims that the parties already settled; (3) the USPS did not deny any properly presented claim (a required element of an FTCA claim); and (4) Plaintiff fails to state a claim because her second claim regarding the crash was not a proper amendment of the first claim. (See Mem. at 4-10.) Plaintiff responds by asking the court to equitably estop Defendant from denying her second claim. (Opp'n at 5.)

## II. LEGAL STANDARD

### A. 12(b)(1)

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "Pursuant to Rule 12(b)(1), dismissal for lack of subject matter jurisdiction is appropriate if the Court determines that it lacks the constitutional or statutory power to adjudicate the case." Lleshi v. Kerry, 127 F. Supp. 3d 196, 199 (S.D.N.Y. 2015); see Makarova, 201 F.3d at 113. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." Giammatteo v. Newton, 452 F. App'x 24, 27 (2d Cir. 2011) (citing Makarova, 201 F.3d at 113). In resolving a

motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (citation omitted), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it," Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); see also APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003). On such a motion, a court may consider evidence outside the pleadings, such as affidavits and exhibits. Makarova, 201 F.3d at 113.

**B.    12(b)(6)**

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. Patane v. Clark, 508 F.3d 106, 111 12 (2d Cir. 2007) (per curiam). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In reviewing a complaint on a motion to dismiss for failure to state a claim, the court must accept as true all allegations of fact in the complaint and draw all reasonable inferences in favor of the plaintiff. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). "[W]hatever

4

documents may properly be considered in connection with the Rule 12(b)(6) motion, the bottom-line principle is that once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. Plaintiff's Claim is Barred

#### 1. Legal Standard

The FTCA bars a plaintiff from suing the federal government when the parties have already settled another claim arising from the same subject matter. 28 U.S.C. § 2672 ("The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter."); see Schwarder v. United States, 974 F.2d 1118, 1124 (9th Cir. 1992) ("We conclude, as a matter of federal law, that an administrative settlement reached pursuant to section 2672 bars further claims by the settling party . . ."); Circelli v. United States, No. 17-CV-5269 (SDW), 2018 WL 3000334, at *3 (D.N.J. June 15, 2018) (holding that when the plaintiff cashed the settlement check, "any remaining claims related to the accident were effectively released"); Laguer v. United States, 257 F. Supp. 3d 198 (D.P.R. 2017) (holding that the plaintiff who settled his property damage claim arising out of an accident was barred from bringing a subsequent personal injury claim related to the same accident).

#### 2. Application

When the USPS issued the $3,662.56 settlement check on or about September 16, 2016, the letter accompanying the check explicitly stated that "acceptance of this check operates as a

complete release and bars recovery of any additional or future claims against the United States . . . by reason of the same subject matter." (Mar. 26, 2018 USPS Letter at 2.) The letter did not indicate in any way that the settlement was limited to the property-damage claim or that claims for other types of damages would be available. (Id.) By cashing the settlement check, Plaintiff released Defendant from any additional claims related to the accident. See Circelli, 2018 WL 3000334, at *3 (stating that the plaintiff's cashing of the settlement check released any remaining claims related to the accident in question). Thus, Plaintiff's suit is barred.

### B. Equitable Estoppel

Instead of disputing whether the FTCA's bar on suits arising from settled claims applies to her, Plaintiff asks the court to equitably estop Defendant from denying her claim. (Opp'n at 5.) She does not explain why the court should do this.

"The doctrine of equitable estoppel is designed to ensure fairness in the relationship between parties." United States for Use & Benefit of Robert DeFilippis Crane Serv., Inc. v. William L. Crow Const. Co., 826 F. Supp. 647, 656 (E.D.N.Y. 1993) (citation and quotation marks omitted). Equitable estoppel "precludes a litigant from asserting a claim or defense that might otherwise be available to him against another party who has detrimentally altered his position in reliance on the former's misrepresentation or failure to disclose some material facts." Id. (citation and quotation marks omitted). It is a bedrock principle "that equitable estoppel will not lie against the Government as it lies against private litigants." Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 419 (1990). "'[N]ot even the temptations of a hard case' will provide a basis for ordering recovery contrary to the terms of [a] regulation, for to do so would disregard 'the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" Id. at 420 (quoting Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385-86 (1947)).

Because "equitable estoppel will not lie against the Government," id. at 419, Plaintiff's claim fails.

## IV. CONCLUSION

For the foregoing reasons, Defendant's (Dkt. 13) motion to dismiss Plaintiff's complaint is GRANTED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 26, 2019

NICHOLAS G. GARAUFIS
United States District Judge